IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JAMES ROBERT CRAIG, *as surviving parent and as anticipated administrator of the* ESTATE OF BENJAMIN CRAIG,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., and CORECIVIC OF TENNESSEE, LLC,<br><br>    Defendants. | Civil Action No.<br>3:25-CV-50 |

**THE PARTIES' JOINT MOTION TO STAY DISCOVERY
AND ALL RULE 26 PROCEEDINGS**

Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic") and Plaintiff James Robert Craig jointly move this Court to stay discovery and all Rule 26 proceedings until the parties have completed their mediation in this case, which is scheduled for July 9, 2025.

This Court "has broad authority to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."); *see Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson*

1

*v. Bd. of Regents of Univ. Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

In support of their request for a stay, the parties show as follows:

1. This action arises from the death of Benjamin Craig at Wheeler Correctional Facility in Alamo, Georgia, which is owned and operated by CoreCivic. In his complaint, Plaintiff has asserted claims of wrongful death and negligence against CoreCivic. Doc. 1. CoreCivic filed a motion to dismiss Plaintiff's complaint on June 20, 2025. Doc. 10.

2. The parties have discussed and agreed to mediate this case on July 9, 2025. The goal is to explore potential resolution of this case before discovery to avoid unnecessary litigation costs and expenses.

3. The parties will conduct mediation with Tom Tobin at Henning Mediation Services on July 9, 2025, in Atlanta, Georgia.

4. The parties have discussed and agreed to engage in mediation in a good-faith effort to resolve all claims which have been asserted in this proceeding.

5. The parties thus jointly petition for a stay discovery and all Rule 26 proceedings, including the Rule 26(f) Conference, to allow the Parties to complete mediation.

6. The parties request that discovery be stayed in this case until July 16, 2025, to allow for the completion of the mediation and any potential follow-up settlement discussions.

7. Within five (5) business days after July 16, 2025, the parties will promptly notify the Court of the outcome of the mediation and their positions on whether the stay should be lifted.[1]

8. This stay is being jointly requested by the parties for good cause and in the interests of justice and efficiency and with the parties planning to attend mediation in good faith in the mutual hopes of resolving their dispute.

9. A proposed order has been filed with this motion and e-mailed to proposedorders_dub@gas.uscourts.gov.

Submitted this 25th day of June, 2025.

| | |
|---|---|
| **FOR DEFENDANTS:** | OLIVER MANER LLP |
| P.O. Box 10186<br>Savannah, Georgia 31412<br>(T) 912 236-3311<br>(F) 912 236-8725<br>jmassee@olivermaner.com<br>btuten@olivermaner.com | *s/ Jacob D. Massee*<br>JACOB D. MASSEE<br>Georgia Bar No. 551890<br>BEN T. TUTEN<br>Georgia Bar No. 299110<br><br>***Attorneys for Defendants*** |

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGE]**

---

[1] Defendants have filed a motion to dismiss which, if granted in its entirety, would be dispositive of all claims asserted against them. Thus, if mediation is unsuccessful, Defendants reserve the right to file another motion to stay discovery in this case until the Court issues a ruling on their motion to dismiss pursuant to *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1363 (11th Cir. 1997).

| | |
|---|---|
| **FOR PLAINTIFF:** | SLATER LEGAL PLLC |
| 2296 Henderson Mill Rd. NE #116<br>Atlanta, Georgia 30345<br>(T) 404 458-7283<br>james@slater.legal | *s/ James M. Slater*<br>JAMES M. SLATER<br>Georgia Bar No. 169869 |
| | MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP |
| 881 Piedmont Avenue<br>Atlanta, Georgia 30305<br>(T) 404 812-4747<br>sam@mitchellshapiro.com | SAMANTHA J. FUNT<br>Georgia Bar No. 943783<br><br>***Attorneys for Plaintiff*** |

4

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case with a true and correct copy of the foregoing document in accordance with the directive from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, and by electronic mail, addressed as follows:

James M. Slater, Esq.
Slater Legal PLLC
2296 Henderson Mill Road, NE #116
Atlanta, Georgia 30345
james@slater.legal

Samantha J. Funt, Esq.
Mitchell Shapiro Greenamyre & Funt, LLP
881 Piedmont Avenue
Atlanta, Georgia 30305
sam@mitchellshapiro.com

Submitted this 25th day of June, 2025.

OLIVER MANER LLP

| | |
|---|---|
| P.O. Box 10186 | *s/ Jacob D. Massee* |
| Savannah, Georgia 31412 | JACOB D. MASSEE |
| (T) 912 236-3311 | Georgia Bar No. 551890 |
| (F) 912 236-8725 | BEN T. TUTEN |
| jmassee@olivermaner.com | Georgia Bar No. 299110 |
| btuten@olivermaner.com | |
| | *Attorneys for Defendants* |

5